# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KEELS,<br>*Plaintiff*,<br><br>v.<br><br>MICHALE RICHARDS *et al.*,<br>*Respondents*. | No. 3: 21-cv-00751 (JAM) |

## RULING DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James Keels is a prisoner in the custody of the State of Connecticut. He has a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his purported state convictions. Because Keels has not exhausted his state court remedies and because he has not named the proper party as a respondent, I will dismiss the petition without prejudice.

### BACKGROUND

According to the petition, Keels was arrested in September 2020 and then again in October 2020 but was then ultimately sentenced in April 2021 "on a warrant that I was not served."[1] According to the Connecticut Department of Correction ("DOC") website, however, Keels is in the custody of the DOC as an unsentenced prisoner.[2] Moreover, the Connecticut Judicial Branch website does not reflect any conviction or sentence of Keels stemming from any arrest in September or October 2020 or at any later time.[3]

---

[1] Doc. #1 at 10.
[2] *See* Connecticut State DOC Offender Information Search, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=224149 (last visited on June 28, 2021).
[3] *See State v. Keels*, Docket No. U04W-CR20-0492166-S, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=c844d6eb-b3bf-43b2-adae-caa921ce9e94 (last visited on June 28, 2021); *State v. Keels*, Docket No. U04W-CR20-0492165-S, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=545f343f-71fa-4e79-8343-2d00df7fafaf (last visited on June 28, 2021).

## DISCUSSION

A sentenced state prisoner who alleges that he is in state custody in violation of federal law may seek relief in a federal court pursuant to an application for a writ of habeas corpus under 28 U.S.C. § 2254(a). The prisoner, however, must first fully exhaust his federal law claims in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). A state prisoner's claim is not exhausted until it has been presented and ruled on by the highest state court capable of reviewing it. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Jackson*, 763 F.3d at 133. "The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).[4]

Keels states that he has filed a state court habeas corpus petition but that there has been "no answer" and that he has not sought any relief from a state appellate court for this failure to answer his state court petition for writ of habeas corpus.[5] Keels thus concedes that he has not fully exhausted his efforts to seek relief from the Connecticut state courts. And this requires me to dismiss his petition under 28 U.S.C. § 2254 for failure to fully exhaust his state court remedies.

The same conclusion results even if I assume that Keels has not yet been sentenced and seeks instead to challenge his ongoing pretrial custody by the State of Connecticut. A state pretrial detainee may seek habeas corpus relief under 28 U.S.C. § 2241 but only after fully exhausting his opportunities to seek relief from the state courts in the first place. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976); *Smith v. New Haven*

---

[4] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[5] Doc. #1 at 11.

*Superior Ct.*, 2020 WL 4284565, at *4 (D. Conn. 2020). Accordingly, whether or not Keels has been sentenced, he has failed to exhaust his state court remedies as required in order for this action to proceed in a federal court.

The petition filed by Keels is also defective for an additional reason. Keels has named two respondents: a person named "Michale Richards" whom he claims was his attorney and the "Wtby. Police Department."[6] But, as the Supreme Court has explained, "there is generally only one proper respondent to a given prisoner's habeas petition," and that custodian is "the 'person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Keels has not named any such person as a respondent in this action despite the fact that the form used by Keels to file his petition instructs him that he must name as respondent the "Warden or authorized person having custody of petitioner."[7]

## CONCLUSION

The Court DISMISSES the petition for writ of habeas corpus on the grounds that Keels has not exhausted state court remedies and has not named a proper respondent. This dismissal is without prejudice to re-filing in the event that Keels fully exhausts his state court remedies and names a proper party as respondent to his petition. Because Keels has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut this 28th day of June 2021.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[6] Doc. #1 at 1, 20.
[7] *Id.* at 1.